■ KENNETH ORR, Respondent, v DANIEL YUN et al., Appellants. [46 NYS3d 49]—

Order, Supreme Court, New York County (Geoffrey D.

Wright, J.), entered July 13, 2016, which, to the extent appealed from, denied defendants' motion for partial summary judgment dismissing the claims for lost salary and violation of state and federal regulations and all claims against the individual defendant, unanimously modified, on the law, to grant the motion to the extent of dismissing plaintiff's lost salary claim and his breach of fiduciary duty claim based on regulatory violations, and otherwise affirmed, without costs.

Plaintiff was not entitled to lost salary because, even if his right to employment under the subject agreement had been triggered by his proper exercise of the option, any employment thereunder would have been at will because its duration was not specified (*see Sabetay v Sterling Drug*, 69 NY2d 329, 333 [1987]).

The claim for breach of fiduciary duty, assuming that an underlying fiduciary relationship existed, was unsupported by evidence of any violation of state or federal regulations, which form the basis of plaintiff's claim for the breach; in opposition to defendants' express denial of any such violations, plaintiff's innuendo was plainly insufficient to withstand summary judgment.

The subject agreement, signed by the individual defendant without any indication of the capacity in which he signed, bears a heading stating that it is between the LLC defendant and plaintiff, but also contains a contradictory statement that it is between the individual defendant and plaintiff. Under the circumstances, it cannot be determined from the context whether it was intended that the individual defendant be personally bound (*see 150 Broadway N.Y. Assoc., L.P. v Bodner*, 14 AD3d 1 [1st Dept 2004]). Concur—Acosta, J.P., Mazzarelli, Feinman and Webber, JJ.